Edward W. Mathews, Jr., and Miriam P. Mathews v. Commissioner.
Mathews v. Commissioner
Docket No. 49157.
United States Tax Court
T.C. Memo 1955-61; 1955 Tax Ct. Memo LEXIS 278; 14 T.C.M. (CCH) 198; T.C.M. (RIA) 55061; March 15, 1955
*278 From March 1949 to December 31, 1950, petitioner was employed as controller of a corporation whose offices were in Galion, Ohio. During that period, petitioner maintained a residence for his family in Lima, Ohio. On his returns for 1949 and 1950, he deducted the cost of meals and lodging incurred by him while working in Galion 5 days a week, and the cost of traveling from Galion to Lima each weekend. Respondent disallowed such deductions. Held, deductions claimed by petitioner were nondeductible personal expenditures within the meaning of section 24(a)(1) of the Internal Revenue Code of 1939. A. H. Ganger, Esq., 2461 Chester Avenue, Cleveland, Ohio, for the petitioners. Theodore E. Davis, Esq., for the respondent. RICE
Memorandum *279 Findings of Fact and Opinion This proceeding involves deficiencies in income tax of $387.64 and $522.14 determined against the petitioners for the years 1949 and 1950, respectively. The only issue is whether the cost of meals and lodging incurred by petitioner, Edward W. Mathews, Jr., while working in Galion, Ohio, and the cost of transportation between that city and Lima, were deductible expenditures under section 23(a)(1) of the 1939 Code. Findings of Fact Edward W. Mathews, Jr. (hereinafter referred to as the petitioner), and his wife, Miriam P. Mathews, maintained a residence at Lima, Ohio, during the years in issue and filed their income tax returns for such calendar years with the collector of internal revenue for the tenth district of Ohio. In March 1949, the North Electric Manufacturing Company (hereinafter referred to as the Company) of Galion, Ohio, arranged for a line of credit from The National City Bank of Cleveland (hereinafter referred to as the Bank). One condition under which the Bank agreed to extend credit was that the Company employ a man satisfactory to the Bank to act as controller for as long as the Company was indebted to it. Francis H. Beam, a vice-president *280 of the Bank, talked with petitioner and recommended him to the Company for the position of controller. Petitioner was employed by the Company as its controller in March 1949 at a monthly salary of $1,250, on which tax was withheld. Of such sum, $250 was to compensate petitioner for the cost of meals and lodging incurred by him while working in Galion 5 days a week. Petitioner did not wish to move his residence from Lima because he did not expect his employment with the Company to be permanent. He traveled to Lima approximately every weekend during his employment with the Company in 1949 and 1950. The Company's indebtedness to the Bank was satisfied in December 1949, but petitioner's employment continued until March 1, 1951. During the course of his employment, he made trips on behalf of the Company, and incurred expenses for which he was reimbursed by it. On his income tax return for 1949, petitioner reported the full amount received from the Company ($1,250 per month). He deducted $1,865.50 for meals and lodging while working in Galion 5 days a week and for the cost of traveling between Galion and Lima each weekend. He deducted the amount of $2,176.80 for similar expenses on his *281 return for 1950. The expenses so deducted by petitioner on his returns were personal in nature. Opinion RICE, Judge: Petitioner argues that the expenditures in question were "away from home" traveling expenses within the meaning of section 23(a)(1)(A), since his employment with the Company at Galion, Ohio, was only temporary. It is apparent from the facts hereinbefore set forth that such expenditures do not satisfy the requirements of the statute as explained by the Supreme Court in , rehearing denied . Petitioner has failed to show the necessary relationship between the expenditures which he deducted on his returns and the Company's business. While his employment with the Company was not permanent, it was indefinite and of sufficient duration to constitute Galion, Ohio, his post of duty. He chose to maintain his residence in Lima and was successful in bargaining with the Company for additional compensation to cover his living expenses while in Galion 5 days a week. Travel expenses, within the meaning of the statute, could arise only when petitioner was required to travel to, and remain *282 temporarily in, some other place than Galion on the Company's business. Petitioner, in fact, made such trips for the Company, incurring expenses therefor which would have been deductible had he not been reimbursed. We see no real difference in petitioner's position and that of the taxpayers in ; , and , wherein we held that expenditures similar to those in issue here were personal in nature and nondeductible. We so hold here. Decision will be entered for the respondent.